**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:14–cr–357–APG–VCF |
| vs. | **REPORT & RECOMMENDATION** |
| BRIAN WRIGHT, *et al.*, | MOTION TO BIFURCATE TRIAL (#44) |
| Defendants. | |

This matter involves the United States' prosecution of Brian Wright under the Hobbs Act, 19 U.S.C. § 1951(a) in connection with the robbery of three Las Vegas area jewelry stores. Before the court is Wright's Motion to Bifurcate Trial (#44[1]). The government opposed (#54). Wright did not reply. For the reasons stated below, Wright's motion is denied.

**I. BACKGROUND**

On April 29, 2014, May 8, 2014, and May 19, 2014, three Las Vegas area jewelry stores were robbed. Brian Wright was arrested in connection with the robberies and indicted on five counts: (1) conspiracy to interfere with commerce by robbery, (2) brandishing a fire arm in furtherance of a crime of violence, (3) interference with commerce by robbery, (4) brandishing a firearm in furtherance of a crime of violence, and (5) felon in possession of a firearm. *See* (Super. Indict. (#26) at 1–3).

Wright was previously convicted for conspiracy to commit robbery while in possession of a firearm. Now, he moves to sever counts one through four from counts five. He contends that trial should be bifurcated because the counts were improperly joined under Federal Rule of Criminal Procedure 8 "as

---

[1] Parenthetical citations refer to the court's docket.

they stem from two completely separate incidents" and "the risk is high that there will be a spillover effect [regarding the evidence in support of each count] that could potentially taint the jury." (Doc. #44 at 4:16–23, 5:3:–17). The court's analysis begins with the governing law.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) permits for joinder of multiple offenses against a single defendant if the offenses are (1) of the same or similar character, (2) based on the same act or transaction, or (3) connected with or constituting parts of a common scheme or plan. FED. R. CRIM. P. 8(a). Rule 8 has been broadly construed in favor of joinder because joint trials conserve government funds, minimize inconvenience to witnesses and public authorities, and avoid delays in bringing a defendant to trial. *See United States v. Lane*, 474 U.S. 438, 449 (1986); *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir.2006) (citing *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir.1971)). Misjoinder of charges under Rule 8(a) is a question of law reviewed *de novo*. *Id*. (citing *United States v. Terry*, 911 F.2d 272, 276 (9th Cir.1990)). Importantly, "[a]t least one of Rule 8(a)'s three conditions must be satisfied for proper joinder. *Jawara*, 474 F.3d at 573 (citing *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir.1996); *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir.2005).

In turn, Federal Rule of Criminal Procedure 14 governs the severance of charges. *Yasquez–Yelasco*, 15 F.3d at 845. Even where joinder is proper under Rule 8(a), the court may order separate trials of counts or provide other relief that justice requires if joinder "appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). The court's power to order severance "rests within the broad discretion of the District Court as an aspect of its inherent right and duty to manage its own calendar." *United States v. Gay*, 567 F.2d 916, 919 (9th Cir.1978). Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's

sound discretion. *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). The court's denial of a motion to sever is reviewed for abuse of discretion. *See Fernandez*, 388 F.3d at 1241.

The Ninth Circuit has held that Rule 14 sets a high standard for showing prejudice, and the party seeking severance bears the burden of showing clear, manifest, or undue prejudice of such a magnitude that, without severance, the party will be denied a fair trial. *See United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir.1996); *Vasquez–Velasco*, 15 F.3d at 845. Prejudice arises where: (a) the jury could confuse and cumulate the evidence of one charge to another; (b) the defendant could be prejudicially confounded in presenting his defenses (*i.e.*, where a defendant wishes to testify in his own defense on one count but not another); and (c) the jury could erroneously conclude the defendant is guilty on one charge and therefore convict him on another based on his criminal disposition. *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir.1987) (citing *Drew v. United States*, 331 F.2d 85, 88 (D.C.Cir.1964). Additionally, if there is a risk of prejudice, the Ninth Circuit has found it can be minimized with appropriate jury instructions, and "juries are presumed to follow their instructions." *See, e.g.*, *Zafiro*, 506 U.S. at 540 (citing *Richardson v. Marsh*, 480 U.S. 200, 209 (1987)); *see also Vasquez–Velasco*, 15 F.3d at 847 (collecting cases regarding jury instructions concerning compartmentalizing evidence and spillover prejudice).

### III. DISCUSSION

Wright's motion is denied for two reasons. First, the five counts in the Superseding Indictment were not improperly joined under Rule 8, as Wright contends. Each of the counts relates to Wrights' alleged participation in the robbery of three jewelry stores. This fact satisfies Rule 8, which permits the joiner of counts if the offenses are "of the same or similar character" or "connected with or constituting parts of a common scheme or plan." FED. R. CRIM. P. 8(a).

Wright contends that joiner was improper because "they stem from two completely separate incidents." *See* (Doc. #44 at 5:18). Wright offers no facts or analysis in support of this conclusory

3

assertion. Conclusory arguments are generally not entertained by the courts. *See, e.g.*, *United States v. Balcar*, 141 F.3d 1180, 1180 (9th Cir. 1988) ("None of these conclusory arguments are discussed in any depth and we thus decline to address them.").

Second, Wright asserts that trial should be bifurcated because evidence in support of the felon-in-possession count "could potentially taint the jury" with regard to the remaining counts. (Doc. #44 at 5:19–20). This argument fails as a matter of law. Severance under Rule 14 requires "a serious risk" of prejudice. *Zafiro*, 506 U.S. at 539. A potential risk does not warrant severance. *See id*. If, as here, a potential risk of prejudice appears, the proper remedy is to provide the jury with limiting instructions. *United States v. Buckley*, 525 F.3d 629, 633–34 (8th Cir. 2008); *United States v. Trainor*, 477 F.3d 24, 34–5 (1st Cir. 2007); *United States v. Nguyen*, 88 F.3d 812, 817 (9th Cir. 1996).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Wright's Motion to Bifurcate Trial (#44) be DENIED.

IT IS SO RECOMMENDED.

DATED this 9th day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE