**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14–cr–357–APG–VCF |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | MOTION TO DISMISS (#62) |
| BRIAN WRIGHT, | |
| Defendant. | |

This matter involves the United States of America's prosecution of *pro se* Defendant Brian Wright for, *inter alia*, conspiracy to interfere with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951, and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). *See* (Super. Indict. #26[1]). Before the court is Mr. Wright's Motion to Dismiss (#62). The government opposed (#66). For the reasons stated below, Mr. Wright's motion should be denied.

### I. LEGAL STANDARD

If a criminal defendant believes the government's indictment "fails to invoke the court's jurisdiction," Federal Rule of Criminal Procedure 12(b) permits the defendant to contest jurisdiction in a pretrial motion to dismiss. *See* FED. R. CRIM. P. 12(b)(2), (b)(3)(B). When examining a motion to dismiss under Rule 12, the court must take the indictment's allegations as true. WRIGHT & LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 4TH § 194 (citing, *inter alia*, *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). The court may make preliminary findings of fact necessary to decide questions of law. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The court may not,

---

[1] Parenthetical citations refer to the court's docket.

1

however, invade the province of the jury and decide by pretrial motion matters "of the general issue." *Id.*; FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue"). When deciding a pretrial motion brought under Rule 12, the court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g.*, *United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004) ("[A] pretrial motion alleging a 'defect in the indictment' under [Rule] 12(b)(3)(B), represents the modern equivalent of a 'demurrer' because both pleadings serve to attack the facial validity of the indictment"); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation omitted) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence").

## II. DISCUSSION

Mr. Wright moves to dismiss the government's superseding indictment, arguing that the court lacks jurisdiction over the charged offences. (Mot. to Dismiss (#62) at 4–6). He contends that the alleged crimes fall under the State of Nevada's jurisdiction, the federal government erroneously "pick[ed] up" his case from state investigators, and there was "no federal involvement in the investigation," which deprives the court of jurisdiction. Mr. Wright's motion should be denied.

Federal Rule of Criminal Procedure 12(b) governs pleadings and pretrial motions. It permits a criminal defendant to contest jurisdiction in a motion to dismiss. *See* FED. R. CRIM. P. 12(b)(2). In federal court, the court's jurisdiction extends to "all offenses against the laws of the United States." *See* 18 U.S.C. § 3231. This statute forms "the beginning and end of the [court's] jurisdictional inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) (Easterbrook, J.).

If, as here, a federal grand jury returns an indictment, which charges the defendant with violations of federal law, then 18 U.S.C. § 3231 empowers the court to hear a criminal case and impose a sentence.

*See, e.g.*, *United States v. Longoria*, 259 F.3d 363 (5th Cir. 2001), *on reh'g en banc*, 298 F.3d 367 (5th Cir. 2002). When examining a motion to dismiss under Rule 12, the court must take the indictment's allegations as true. WRIGHT & LEIPOLD, *supra*, at § 194 (citation omitted).

Here, on November 4, 2014, a federal grand jury returned a three-count indictment against Mr. Wright and his co-defendants. On January 13, 2015, a federal grand jury returned a five-count superseding indictment against Mr. Wright and his co-defendants. Counts one and three alleges that Mr. Wright violated the Hobbs Act, 18 U.S.C. § 1951. The indictment tracks the statutory language and states that he and his co-defendant Danielle Perreira "did agree and conspire together and with others known and unknown, to unlawfully obstruct, delay or affect commerce, as that term is defined in Title 18, United States Code, Section 1951." (Super. Indict. (#26) at 1–2).

Counts two and four allege that Mr. Wright violated 18 U.S.C. § 924(c)(1)(A)(ii)–(iii). The indictment tracks the statutory language and states that Mr. Wright knowingly and intentionally used and carried a firearm in connection with crimes of violence on or about May 8, 2014, and May 20, 2014. (Super. Indict. (#26) at 2, 3).

Count five alleges that Mr. Wright violated 18 U.S.C. §§ 922(g)(1), 924(a)(2). The indictment tracks the statutory language and states that Mr. Wright was convicted of a felony on March 22, 2007, and subsequently possessed a Glock Model 27 .40 caliber handgun bearing serial number VNG189 on or about June 6, 2014. (Super. Indict. (#26) at 3–4). This is all that 18 U.S.C. § 3231 requires. The court, therefore, has jurisdiction.

Nonetheless, Mr. Wright appears to argue that the federal government has no legislative authority to criminalize the conduct charged in the indictment and that the federal government is barred from prosecuting the alleged conduct. The court disagrees. Article I, section 8, clause 3 of the United States Constitution empowers Congress "[t]o regulate Commerce with foreign Nations, and among the several

States, and within the Indian Tribes." This generally includes the power to criminalize conduct that (1) involves "the use of the channels of interstate commerce," (2) involves "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities," and (3) "substantially affect[s] interstate commerce." *See, e.g.*, *United States v. Lopez*, 514 U.S. 549, 558–59 (1995).

Although states possess the primary authority for defining and enforcing criminal law, *see Brecht v. Abrahamson*, 507 U.S. 619, 635 (1993) (quoting *Engle v. Isaac*, 456 U.S. 107, 128 (1982), the Commerce Clause empowers the legislative branch to criminalize conduct, including the acts Mr. Wright allegedly committed. *See, e.g.*, *United States v. Kim*, 94 F.3d 1247, 1249–50 (9th Cir. 1996). Once Congress criminalizes conduct, 18 U.S.C. § 3231 grants the court jurisdiction to hear prosecutions involving the criminalized conduct.

Nor does the court lack jurisdiction over the charged offences because, as Mr. Wright asserts, the state investigated the alleged crimes and has the primary authority to prosecute them. S*ee United States v. Bernhardt*, 831 F.2d 181, 182 (9th Cir. 1987) (citing *Abbate v. United States*, 359 U.S. 187, 194 (1959) ("[T]rial in a state court does not bar trial in a federal court for the same criminal conduct."); *see also United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005) ("The Double Jeopardy Clause does not prevent federal prosecutors from encouraging their state counterparts to pursue plea bargains, nor does it prevent them from taking advantage of the evidentiary record developed in connection with a defendant's previous state conviction.").

Here, Congress criminalized interfering with interstate commerce, 18 U.S.C. § 1951, brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii)–(iii), and being a felon in possession of a firearm, see 18 U.S.C. §§ 922(g)(1), 924(a)(2). As a result, the federal government is not barred from prosecuting Mr. Wright for the alleged crimes and his motion to dismiss should be denied.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Brian Wright's Motion to Dismiss (#62) be DENIED.

IT IS SO RECOMMENDED.

DATED this 6th day of July, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE