UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN WRIGHT and DANIELLE PERREIRA,<br><br>Defendants. | Case No. 2:14-cr-357-APG-VCF<br><br>**ORDER ACCEPTING REPORT & RECOMMENDATION DENYING MOTION TO BIFURCATE TRIAL**<br><br>(Dkt. ##44, 59) |

Defendant Brian Wright filed a motion to bifurcate the trial so that Count Five (Ex-Felon in Possession of a Firearm) would be tried separately from the other four counts. (Dkt. #44). Magistrate Judge Ferenbach issued a Report & Recommendation recommending denial of the motion. (Dkt. #59.) No objection has been filed. Nevertheless, I have conducted a *de novo* review of the Report & Recommendation and related papers.

Judge Ferenbach's Report & Recommendation sets forth the proper legal analysis and factual basis for the decision. I offer the following as additional support for the decision. Whether to sever lies within the court's discretion. *U.S. v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976). The test is whether joinder is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *Id.*

Wright relies on *U.S. v. Lewis*, 787 F.2d 1318 (9th Cir. 1986). There, the Ninth Circuit recognized that there is a high risk of undue prejudice where the joinder of claims will result in the jury hearing evidence of other crimes that it otherwise would not hear if the charges were severed. *Id.* at 1322. The Ninth Circuit rejected a *per se* rule that any time prior convictions would not be admissible as to other counts, then severance is required. *Id.* Instead, it adopted a case-by-case evaluation. *Id.*

In *Lewis*, the Ninth Circuit found that the district court abused its discretion by not severing prior gun convictions from a charge that the defendant murdered the owner of the getaway car that was used in a bank robbery. The *Lewis* court noted that the evidence that Lewis was involved in the killing was weak. *Id.* The jury was told the nature of the prior conviction was first degree burglary. *Id.* There was also evidence on the gun counts that Lewis lied under oath to get one of the guns. *Id.* And the prosecutor started her opening comments by identifying Lewis as a convicted felon. *Id.* at 132. Finally, the court did not instruct the jury to consider each count separately until the trial was well underway. *Id.* The court also did not instruct the jury about ignoring prior convictions in determining guilt on the other charges. *Id.*

More recently, in *United States v. VonWillie* and *United States v. Lopez*, the Ninth Circuit held the district court did not abuse its discretion when it denied severance. In *VonWillie*, the court noted that evidence against the defendant was overwhelming, the parties stipulated to the prior conviction so no evidence about it was presented, the government promised not to focus on the defendant's status as a convicted felon, the district court limited any presentation of evidence on the issue, and the court gave limiting instructions to the jury both when the evidence was admitting and when charging the jury. 59 F.3d 922, 930 (9th Cir. 1995). Under these circumstances, the Ninth Circuit distinguished *Lewis* and held the district court "properly denied" the motion to sever. *Id.*

Similarly, in *Lopez*, the Ninth Circuit distinguished *Lewis* based on the differences in the strength of the evidence and the fact that the parties stipulated to the defendant's status as a convicted felon. 477 F.3d 1110, 1116 (9th Cir. 2007). The *Lopez* court found the evidence against Lopez on the other counts was strong, and none of the other prejudicial factors from *Lewis* existed. *Id.* Finally, the Lopez court noted that judicial economy concerns weighed heavily in favor of denying severance because there was "significant overlap in the evidence for all charges." *Id.* at 1117.

The Ninth Circuit standards discussed in these cases present a challenge for the district court because the court must make the severance decision before trial. At the time the district

court must rule on severance, it is not always clear how strong or weak the trial evidence against a defendant will be. Nevertheless, this case is closer to *VonWillie* and *Lopez* than *Lewis*. The Government's response to the motion outlines its basic evidentiary presentation, and that evidence appears to be fairly strong at this point. (Dkt. #54 at 2-7.) As in *Lopez*, the charges arise out of the same series of events and there is significant overlap of the evidence for all charges. Judicial economy therefore weighs against severance. In addition, I anticipate that the parties will stipulate that Wright has a prior felony conviction so no evidence (other than that stipulation) about it will be presented, the Government will not focus on Wright's felon status, and I will give limiting instructions to the jury at appropriate times.

Considering all of these factors, as in *VonWillie* and *Lopez*, the motion to bifurcate should be denied. However, should the parties not stipulate to the prior felony conviction, or should the Government indicate that it intends to offer evidence about the prior felony, Wright may again move to bifurcate Count Five.

IT IS HEREBY ORDERED that Magistrate Judge Ferenbach's Report & Recommendation **(Dkt. #59) is ACCEPTED** as clarified above. Wright's motion to bifurcate **(Dkt. #44) is DENIED without prejudice.** Wright may re-raise the issue of bifurcation should the parties not agree as discussed above.

Dated: August 4, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE