# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.

BRIAN WRIGHT, *et al*.,

                    Defendants.

Case No. 2:14–cr–357–APG–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

MOTION TO COMPEL (#70)
MOTION TO SEVER (#71)
MOTION TO DISMISS (#72)
MOTION TO EXTEND TIME (#80)
MOTION TO EXTEND TIME (#90)
MOTION FOR A *FARETTA* CANVAS (#92)

This matter involves the United States' prosecution of *pro se* Defendant Brian Wright in connection with the armed robbery of three jewelry stores in Las Vegas, Nevada. *See* (Indict. #1).[1] Six motions are before the court. For the reasons stated below, Mr. Wright's motions to compel and dismiss are denied; a decision on his motion to sever is deferred to the presiding District Judge; Mr. Wright's motions to extend time are granted; and the Government's motion for a *Faretta* canvas is granted.

## DISCUSSION

The first motion involves Mr. Wright's omnibus motion to compel. It seeks grand jury transcripts, a bill of particulars, and all impeachment evidence, law enforcement notes, *Brady* material, information regarding the government's witnesses, evidence of bias or motive to lie, and the names of witness favorable to the defense. (Doc. #70 at 2–3). The motion is denied.

The Government is under a continuing duty to disclose helpful, useful, favorable, and exculpatory evidence. *See Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010); *United States v. Acosta*, 357 F. Supp. 2d 1228, 1233 (D. Nev. 2005). If a defendant moves for

---

[1] Parenthetical citations refer to the court's docket.

discovery under Rule 16 or *Brady*, the defendant must make a *prima facie* demonstration showing that the requested information is material or favorable. *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n. 15 (1987) (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) ("[A defendant] must at least make some plausible showing of how their testimony would have been both material and favorable to his defense"); *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984). At the very least, this requires the defendant to identify the discovery that is sought.

Mr. Wright's motion does not request any specific information. It merely asserts that discoverable information exists because the Government perjured itself before the grand jury and obtained an invalid indictment. (Doc. #70 at 1). Mr. Wright provides no factual support for this accusation, and the court is under no obligation to address it in detail. *See United States v. Balcar*, 141 F.3d 1180, 1180 (9th Cir. 1988) ("None of these conclusory arguments are discussed in any depth and we thus decline to address them."); *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (stating that general descriptions and conclusory allegations are insufficient to compel discovery)).

Next, Mr. Wright moves to sever his trial from his co-defendant's trial. (Doc. #71).[2] There is a strong preference for joint trials where defendants have been jointly indicted. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Hernandez–Orellana*, 539 F.3d 994, 1001 (9th Cir. 2008). To obtain severance, a defendant carries the "heavy burden" of showing that a joint trial presents "a serious risk" of compromising a defendant's constitutional rights or preventing the jury from compartmentalizing the evidence as it relates to each defendant. *Zafiro*, 506 U.S. at 539–40; *United States v. Sitton*, 968 F.2d 947,

---

[2] Mr. Wright also moves for an extension of time to file a reply in support of his motion to sever. (Doc. #80). A reply was filed within the period Mr. Wright requested. His motion to extend time is granted.

961 (9th Cir. 1992). The Ninth Circuit has directed trial courts to consider four factors when making this determination:

> (1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) the judge's diligence in instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether the defendants can show with some particularity, a risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Hernandez–Orellana*, 539 F.3d at 1001 (citing *United States v. Sullivan*, 522 F.3d 967, 981–82 (9th Cir. 2008)). The decision to sever is ultimately left to the court's discretion. *Zafiro*, 506 U.S. at 539; *United States v. Vigil*, 561 F.2d 1316, 1317–18 (9th Cir. 1977).

Mr. Wright's motion argues that severance is appropriate because his co-defendant admitting to being at the scene of one of the robberies without Mr. Wright and there is no evidence showing that he was present during the two other robberies. (Doc. #71 at 3). Based on these facts, Mr. Wright contends that *Bruton v. United States*, 391 U.S. 123 (1968) requires severance. The court disagrees.

In *Bruton*, the Supreme Court held that a defendant's Sixth Amendment right "to be confronted with the witnesses against him" is violated when a non-testifying co-defendant's confession implicates the defendant in the charged offence. 391 U.S. at 126. According to Mr. Wright's rendition of the facts, no *Bruton* issue exists in this case because Mr. Wright was not implicated by his co-defendant's confession. *See* (Doc. #71 at Ex. C, 36:8) ("A. Brian wasn't with me when that incident happened. Q. Brian wasn't with you? A. No. No, no, no.").

Mr. Wright presents a more compelling argument in reply. He asserts that a *Bruton* issue exists because his co-defendant also stated that he needed money and told the co-defendant to drive him to the location of one of the robberies. (Doc. #85 at 6); (Perreira Inter. (#77-4) at pp. 10, 14, 16–19, 24, 41, 43). She told the police that she "was just following [his] directions" and felt "forced into something that [she]

3

did not want to do." (*Id.*) These statements present a *Bruton* issue because they "facially, expressly, clearly, [and] powerfully implicate" Mr. Wright. *See Richardson v. Marsh*, 481 U.S. 200, 217, n. 4 (1987); *United States v. Angwin*, 271 F.3d 786, 796 (9th Cir. 2001), *overruled on other grounds in United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc). Nonetheless, severance may not be required here.

The existence of a *Bruton* issue only requires severance if the court cannot preserve the defendant's Sixth Amendment right to confrontation in a joint trial. *Marsh*, 481 U.S. at 211; *Angwin*, 271 F.3d at 794–5 (citation omitted). A defendant's right to confrontation may be preserved by giving the jury limiting instructions, *see Marsh*, 481 U.S. at 211, redacting the co-defendant's incriminating statements, *see Gray v. Maryland*, 523 U.S. 185, 193 (1998), or excluding the co-defendant's statement from trial, if the prosecutor prefers the benefits of a joint trial over the probative value of the statement, *United States v. Cota-Rubalcaba*, 431 F.2d 637, 638 (9th Cir. 1970) (per curiam). Additionally, a defendant's right to confrontation is preserved if the non-testifying co-defendant enters a plea agreement before trial.

Choosing between these remedies presents a ripeness problem; the defendant requests a decision regarding severance while matters related to the court's decision (e.g., plea negations and discovery) are uncertain. Courts in other districts resolve this problem by deferring its decision and requiring the Government to comply with Rule 14(b) and submit all *Bruton* statements that it intends to use at trial for the trial judge's *in camera* review. *See e.g.*, *United States v. Sattar*, 314 F. Supp. 2d 279, 317 (S.D.N.Y. 2004) *aff'd* 590 F.3d 93 (2d Cir. 2009*); United States v. Michel*, 590 F. Supp. 1135, 1136 (D.P.R. 1984).

The court finds this procedure helpful. Therefore, a decision on Mr. Wright's motion to sever is differed and the Government is ordered to submit all *Bruton* statements to the presiding District Judge's chambers for *in camera* review at calendar call.

4

The court now turns to Mr. Wright's Motion to Dismiss (#72).[3] He argues that the U.S. Attorney's Office abused the grand jury process and obtained an invalid indictment. (*Id*. at 4–8). "One challenging an indictment carries a difficult burden. He must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment." *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) (citing *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982)). Mr. Wright failed to satisfy this burden.

Mr. Wright contends that the prosecutor lied to the grand jury regarding his participation in the charged offences because two others have already confessed to participating in the charged offences. Based on these confessions, Mr. Wright infers that he must be innocent and the prosecutor must have known of his innocence when evidence was presented to the grand jury. The court is unpersuaded by Mr. Wright's arguments. No matter how many people confess to participating in a crime, it is always possible that another person could have also participated in the crime.

Mr. Wright's Motion to Dismiss also argues that he was unlawfully arrested and his girlfriend's home was unlawfully searched. He moves for an order under *Franks v. Delaware*, 438 U.S. 154 (1978) dismissing the indictment and suppressing evidence. Neither Mr. Wright nor the Government attached copies of police reports, the search warrant, or affidavit in support of their motion, response, or reply. The court cannot decide Mr. Wright's motion without an adequate factual basis. Mr. Wright is granted leave to file a motion to suppress that provides the court with an adequate factual basis for his claims. The motion must comply with the relevant Federal Rules of Criminal Procedure and the Order Regarding Pretrial Procedure (#13) in this matter. An untimely motion will not be considered.

---

[3] Mr. Wright also moves for an extension of time to file a reply in support of his motion to dismiss. (Doc. #90). A reply was filed within the period Mr. Wright requested. His motion to extend time is granted.

The parties' filings present one final issue: the Government moves for a second *Faretta* canvas to clear possible ambiguities in the court's record. (Doc. #92). The motion is granted.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Brian Wright's Motion to Compel (#70) is DENIED.

IT IS FURTHER ORDERED that Brian Wright's Motion to Extend Time (#80) is GRANTED.

IT IS FURTHER ORDERED that Brian Wright's Motion to Extend Time (#90) is GRANTED.

IT IS FURTHER ORDERED that a decision on Brian Wright's Motion to Sever (#71) is DEFERRED to the presiding District Judge.

IT IS FURTHER ORDERED that the Government submit all *Bruton* statements that it intends to use at trial to the presiding District Judge's chambers for *in camera* review at calendar call.

IT IS FURTHER ORDERED that the Government's motion for a *Faretta* canvas (#92) is GRANTED and a hearing is set for **1:00 p.m., September 15, 2015, in courtroom 3D**.

IT IS FURTHER ORDERED that Mr. Wright is granted leave to file a timely Motion to Suppress. Mr. Wright is directed to attach copies of relevant police reports, search warrants, and, affidavits to his motion.

IT IS RECOMMENDED that Brian Wright's Motion to Dismiss (#72) be DENIED.

DATED this 14th day of August, 2015.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE