**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>                Plaintiff,<br><br>vs.<br><br>BRIAN WRIGHT,<br><br>                Defendant. | Case No. 2:14–cr–357–APG–VCF<br><br>**REPORT & RECOMMENDATION**<br><br>MOTION TO DISMISS COUNTS ONE, TWO, THREE, AND FOUR OF THE INDICTMENT (DOC. #154) |

  This matter involves the United States of America's prosecution of Brian Wright for conspiracy to interfere with commerce by robbery, interference with commerce by robbery, brandishing a firearm in furtherance of a crime of violence, and for being a felon in possession of a firearm. (Doc. #26). Before the court is Wright's motion to dismiss counts one, two, three, and four of his indictment (Doc. #154) and the Government's response. (Doc. #167). Wright did not reply. For the reasons stated below, Wright's motion to dismiss should be denied.

## I. BACKGROUND

  Defendant Brian Wright has been indicted on five counts that stem from his alleged involvement in a jewelry store robbery in the Las Vegas area. (Doc. #26). Wright has pled not guilty to all counts. (Doc. #32). Wright now seeks to dismiss counts one, two, three, and four of his indictment. (Doc. #154). Count one alleges that Wright conspired to commit robbery in violation of the Hobbs Act. 18 U.S.C. § 1951. (Doc. #26). Count two alleges that Wright brandished a firearm in furtherance of the "crime of violence" charged in count one. *Id*. Count three alleges that Wright robbed a jewelry store and two of its employees in violation of the Hobbs Act. *Id*. Count four alleges that Wright brandished a firearm in furtherance of the "crime of violence" charged in count three. *Id*.

Wright contends that robbery and conspiracy to commit robbery are not "crimes of violence," as defined by 18 U.S.C. § 924(c)(3)(A)-(B), and moves to have count one, two, three, and four dismissed. (Doc. #154).

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b) allows a criminal defendant to move to dismiss his indictment. *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). When deciding a criminal defendant's pretrial motion to dismiss, the court "must presume the truth of the allegation in the charging instrument." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). "'A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence … The Court should not consider evidence not appearing on the face of the indictment.'" *Id*. A motion to dismiss an indictment is a challenge to the facial validity of the indictment. *Id*. A motion to dismiss an indictment is not a vehicle to test the adequacy of the evidence. *See id*.

"An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

"Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be … imprisoned not more than twenty years." Hobbs Act, 18 U.S.C. § 1951(a).

"The term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1).

"[A]ny person who, during and in relation to any crime of violence … or who, in furtherance of any such crime, possesses a firearm, shall … (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years." 18 U.S.C. § 924(c)(1)(A)(i)-(ii).

"[T]he term "crime of violence" means an offense that is a felony and—(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)-(B) (subsection A is commonly known as the "element" clause, while subsection B is known as the "force" clause).

When a statute, such as the Hobbs Act, may be violated by violent and non-violent crimes, the court need only find the charged offense is a "crime of violence" in order for the charged offense to serve as a predicate for a section 924(c) violation. *See United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993).

"Robbery indisputably qualifies as a crime of violence [under 18 U.S.C. § 924(c)(3)(A)]." *Id*. (emphasizing that robbery under section 1951 contains an "element of 'actual or threatened force, or violence'"). "[C]onspiracy to rob in violation of § 1951 'by its nature, involves a substantial risk that physical force … may be used in the course of committing the offense.'" *Id*. (citing 18 U.S.C. § 924(c)(3)(B)) (holding that conspiracy to commit a "crime of violence" is itself a "crime of violence under section 924(c)(3)(B)).

3

## III. DISCUSSION

The parties' present two questions: (1) whether robbery and conspiracy to commit robbery in violation of the Hobbs Act are "crimes of violence" and (2) whether the "force" clause of section 924(c)(3) is unconstitutionally vague as applied to a charge of conspiracy to commit robbery.

### 1. Robbery and Conspiracy to Commit Robbery in Violation of the Hobbs Act are "Crimes of Violence"

Wright contends robbery, in violation of the Hobbs Act, is not a "crime of violence" because robbery may be committed by "placing someone in fear of future injury" and does not require that use of "violent force." (Doc. #154 at 6). Wright urges that the court adopt a categorical approach and hold that because some robberies may be committed without the use of "violent force," robbery cannot be a "crime of violence." The Government responds that robbery is a "crime of violence" because it satisfies the "element" clause of section 924(c)(3).

Wright contends that conspiracy to commit robbery is not a "crime of violence" because the completed robbery is not a "crime of violence" under the "force" clause of section 924(c)(3). The Government argues that conspiracy to commit robbery is a "crime of violence" under the "force" clause of section 924(c)(3). The court agrees with the Government; robbery and conspiracy to commit robbery are "crimes of violence."

a. *Conspiracy to Commit Robbery and Robbery (Counts 1 and 3)*

Wright contends that robbery and conspiracy to commit robbery, in violation of the Hobbs Act, are not "crimes of violence" and thus counts one and three of his indictment should be dismissed. Wright, however, is mistaken.

The "crime of violence" designation only affects whether Wright may be charged with counts two and four of his indictment, brandishing a firearm in furtherance of a "crime of violence." The

4

designation does not affect the Government's ability to charge Wright with the underlying violations of the Hobbs Act. In so far as Wright seeks dismissal of counts one and three because the alleged crimes are not "crimes of violence," his motion should be denied.

b. *Brandishing a Firearm in Furtherance of a Crime of Violence (Count 4)*

Count four of Wright's indictment charges him with branding a firearm in furtherance of his alleged robbery. (Doc. #26 at 3). Wright contends that because a robbery may be committed without the use of "violent force," robbery cannot be categorized as a "crime of violence" and serve as the predicate for a section 924(c) violation. The court disagrees.

First, Wright's alleged robbery is not one that was committed without "violent force." In his indictment, Wright is accused of committing his robberies "by means of actual and threatened force and violence." (Doc. #26 at 3). At this point in litigation, the court only assesses the facial validity of the indictment. *Hamling*, 418 U.S. at 117. Accepting as true the allegations in Wright's indictment, Wright's robbery satisfies the "element" clause because it was committed by "means of actual and threatened violence." Wright's robbery is thus a "crime of violence."

Second, even if the court were to adopt a categorical approach, robbery in violation of the Hobbs Act is a "crime of violence." "Robbery indisputably qualifies as a crime of violence." *Mendez*, 992 F.2d at 1491. In *Mendez*, the Ninth Circuit does as Wright urges and adopts a categorical approach to determine whether an offense is a "crime of violence." *See id*. The Ninth Circuit rejected the argument, advanced here by Wright, that robbery can be committed without violence, held that robbery is a "crime of violence," and allowed robbery in violation of the Hobbs Act to serve as a predicate for a section 924(c) violation. *Id*. Wright's motion to dismiss count four should be denied

/// /// ///

/// /// ///

c. *Brandishing a Firearm in Furtherance of a Crime of Violence (Count 2)*

Count two of Wright's indictment charges him with brandishing a firearm in furtherance of a conspiracy to commit robbery. (Doc. #26 at 2). Wright contends that conspiracy to commit robbery is not a "crime of violence" because the completed robbery is not a "crime of violence" under the "force" clause of section 924(c)(3). The court disagrees and finds that conspiracy to commit robbery in violation of the Hobbs Act is a "crime of violence."

Wright's argument that conspiracy to commit robbery is not a "crime of violence" relies on Ninth Circuit precedent that is either uninstructive[1] or undermines Wright's position.[2] (Doc. #154 at 8-9). Wright's argument fails because the applicable Ninth Circuit precedent holds conspiracy to commit robbery is a "crime of violence." *Mendez*, 992 F.2d at 1491. Following *Mendez*, the court finds conspiracy to commit robbery is a "crime of violence" under the "force" clause of section 924(c)(3).

**2.     The "Force" Clause of Section 924(c)(3) is Not Unconstitutionally Vague as Applied to a Charge of Conspiracy to Commit Robbery**

Wright next contends that the "force" clause is unconstitutionally vague in the wake of *Johnson v. United States*. 135 S.Ct. 2551 (2015). Wright reasons that if the "force" clause is unconstitutionally vague, count two, brandishing a firearm in furtherance of his alleged conspiracy to commit robbery, which rests on the "force" clauses definition of a "crime of violence" should be dismissed. (Doc. #154 at

---

[1] Wright cites to *United States v. Cabrera-Perez* and *United State v. Villacivencio-Burruel* to argue that "causation of injury requires the use of force." 751 F.3d 1000 (9th Cir. 2014); 608 F.3d 556 (9th Cir. 2010). The two cases Wright cites are uninstructive. In *Cabrea-Perez*, aggravated assault was determined to be a "crime of violence" under the Immigration and Nationality Act. 751 F.3d at 1005. In *Villacivencio-Burruel*, making a criminal threat was a "crime of violence" that merited a sentence enhancement under the federal sentencing guidelines. 608 F.3d at 562. Neither case addresses Wright's alleged crimes, robbery and conspiracy to commit robbery, nor does either address the relevant statute, 18 U.S.C. § 924(c)(3)(A)-(B).

[2] Wright cites to *United States v. Gomez-Hernandez* to argue that conspiracy to commit robbery cannot be a "crime of violence" because robbery itself is not a "crime of violence." 680 F.3d 1171 (9th Cir. 2012). Wright's argument fails on two grounds. First, as discussed in subsection *b*, robbery is a "crime of violence." Second, *Gomez-Hernandez* holds that an attempted aggravated assault is a "crime of violence" even if the completed aggravated assault is not. 680 F.3d at 1176.

13-14). The Government advances a number of arguments about why the residual clause of the Armed Career Criminal Act (the "ACCA"), which was ruled unconstitutionally vague in *Johnson*, should be distinguished from the "force" clause of section 924(c)(3). The court agrees with the Government and finds that the "force" clause of section 924(c) is not unconstitutionally vague as applied to a charge of conspiracy to commit robbery in violation of the Hobbs Act.

"In an as-applied challenge, a statute is unconstitutionally vague if it 'fail[s] to put a defendant on notice that his conduct was criminal.'" *United State v. Harris*, 705 F.3d 929, 932 (9th Cir. 2012) (quoting *United States v. Kilbride*, 584 F.3d 1240, 1257 (9th Cir. 2009)). "As a general matter, we do not doubt the constitutionality of laws that calls for the application of a qualitative standard such as 'substantial risk' to real-world conduct." *Johnson*, 135 S.Ct. at 2561 (noting that the ACCA's residual clause's qualitative language followed a list of specific crimes which led to confusion and unpredictability among lower federal courts).

Wright contends that the phrase "substantial risk" in the "force" clause is unconstitutionally vague and therefore count two of his indictment, which rests on the constitutionality of the "force" clause, should be dismissed. Wright's argument fails. The *Johnson* court contemplated and rejected Wright's argument about the "substantial risk" language. *Id*. In line with *Johnson*, the phrase "substantial risk" in the "force" clause of section 924(c)(3) is not unconstitutionally vague as applied to a charge of conspiracy to commit robbery because the phrase is not accompanied by a specific list of crimes. Wright's motion to dismiss count two of his indictment should be denied.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Wright's Motion to Dismiss Counts One, Two, Three, and Four of the Indictment be DENIED

IT IS SO RECOMMENDED.

DATED this 24th day of December, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE