**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 2:14-cr-0357-APG-VCF |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| BRIAN WRIGHT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion for Recusal of U.S. District Court Judge Andrew P. Gordon, (ECF No. 250), filed by *pro se* Defendant Brian Wright.[1]  Defendant Wright claims that Judge Gordon has demonstrated bias by denying several Motions he has filed in this case and continuing trial against his wishes. (Motion for Recusal p. 8, ECF No. 250).

The standard for recusal under either 28 U.S.C. § 144 or § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *Studley*, 783 F.2d at 939.  As all of Defendant Wright's allegations involve orders that Judge Gordon has issued in the instant case, they cannot form the basis for a recusal. *See id.* ("Studley's first two allegations are not extrajudicial because they involve the judge's performance while presiding over her case."); *see also Rivera v. C.I.R.*, 959 F.2d 241 (9th Cir. 1992) (unpublished) (rejecting an argument for recusal based on

---

[1] In light of Defendant's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

accusations that a judge knowingly allowed a witness to perjure herself).  Accordingly, there is no basis for granting Defendant's Motion.

**IT IS HEREBY ORDERED** that Defendant's Motion to Recuse (ECF No. 250) is **DENIED**.

**DATED** this ___15___ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge