UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>BRIAN WRIGHT,<br><br>               Defendant. | Case No. 2:14–cr–357–APG–VCF<br><br>**REPORT & RECOMMENDATION** |

    Before the court are Wright's motion for return of property (ECF No. 309) and the Government's opposition (ECF No. 310). The court held a hearing at 2:00 p.m. on February 7, 2017. For the reasons stated below, the motion for return of property should be granted in part and denied in part.

## I. Legal Standard

    "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). "The court must receive evidence on any factual issue necessary to decide the motion." Id. "If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Id.

    "[W]hen the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or … the government has abandoned its investigation, the burden of proof changes." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). "The person from whom the property is seized is presumed to have right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." Id.

"[O]nly a minimal showing such as testimony from the owner of the [property], … will be required to shift the burden to the government." *Id.* at 1369 n. 4.

In support of his motion for return of property, Wright testified about how he came to own the subject property.

## II. Discussion

1. <u>$23,513.00 in U.S. Currency</u>

Wright acknowledged that he had not been gainfully employed since he was released from prison in late 2013. However, Wright argues that he is the rightful owner of the $23,513.00.

According to Wright, on an unspecified date, he received a $3,000 loan from Danielle Perreria. This loan was part of the fund seized during the execution of the search warrant. The rest of the money was obtained through gambling.

Wright's family and friends would give him money so that he could support himself. He would take this money and gamble at local casinos. He reported that on 7 or 8 different occasions he won anywhere between $2,000.00 to $3,000.00. He also reported that on 2 or 3 occasions he lost money.

The Government contends that Wright failed to demonstrate the money is rightfully his.[1] The court agrees. Wright's testimony about his profitable gambling excursions is not credible. Wright could not remember basic details about the money that one would expect the rightful owner to know. These include: 1) who gave him money; 2) how much he received; 3) how much money he started gambling with; and 4) how much money he eventually won. He also did not submit any corroborating evidence, such as records from the casinos' rewards programs, that would support his claim. The court is faced

---

[1] The Government also argues that Wright failed to show that the money came from a lawful source. Wright only has the burden to demonstrate a lawful source when there is a pending, pre-indictment criminal investigation. *Martinson*, 809 F.2d at 1369. Since Wright has already pleaded guilty, he only needs to demonstrate ownership before the burden shifts to the Government. *Id.*

only with Wright's testimony, which is too vague and unsubstantiated to be credible. Wright has not shown he is the rightful owner of the money and is not entitled to the return of the $23,513.00.

2.       Technolink Watch

Wright claimed he purchased the watch from a jeweler at a local mall. He testified that he obtained the $600.00 from family or friends and used that money to purchase the watch. To support his claim, he cited to a receipt for the watch that was also seized during the execution of the search warrant. Unlike his testimony about the money, Wright has demonstrated ownership of the watch.

Even under cross examination, Wright maintained that he had received the $600.00 from family or friends and used the money to purchase the watch at the Meadows Mall. Wright's testimony highlighted the fact that law enforcement had recovered a receipt for the watch when they executed the search warrant. He claimed that the receipt showed that he did in fact purchase the watch.

Unlike the $23,513.00 in U.S. currency allegedly derived from gambling, which cannot be independently verified, Wright has provided documentary evidence that corroborates his testimony. He has thus shown ownership over the watch.

The Government argues that Wright's blanket denials about living in the Yellow Daisy residence and about having property at the address shows that he disclaimed any ownership of the watch. These denials, made immediately after Wright's arrest, were Wright's attempts to distance himself from a handgun discovered in the house. These heat of the moment comments should not be taken at face value in order to deprive Wright of his watch.

Additionally, the Government has not articulated a legitimate reason, other than unsubstantiated allegations that the money to buy the watch came from an unlawful source, why the watch should not be returned. *Martinson*, 809 F.2d at 1369 ("[T]he government must justify its continued possession of the

3

property by demonstrating that it is contraband or subject to forfeiture.") The Government should be ordered to return to Wright the Technolink watch seized at 8102 Yellow Daisy Ave.

3. <u>Cell Phone</u>

Law enforcement seized three cell phones from the Yellow Daisy address. Wright claims that one of the phones is his. At the hearing, the Government represented that it would be willing to return Wright's cell phone on the condition that he is able to identify it. Based on this representation, the court will order the return of Wright's cell phone on the condition that he is able to identify his phone. The Government should be ordered to coordinate with Wright's probation officer and arrange for process for Wright to identify his phone. Should Wright identify his phone to the Government's satisfaction, the Government should be ordered to return the phone to him.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Wright's motion for return of property (ECF No. 309) ne GRANTED in part and DENIED in part.

IT IS FURTHER RECOMMENDED that the Government must return the Technolink watch and arrange for Wright to identify his cell phone. Should Wright identify his phone to the Government's satisfaction, the phone is ordered returned. The $23,513.00 should not be returned.

IT IS SO ORDERED.

DATED this 9th day of February, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE