UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>BRIAN WRIGHT,<br><br>                  Defendant. | Case No. 2:14-cr-357-APG-NJK<br><br>**ORDER REGARDING SEIZED CASH** |

       Defendant Brian Wright was arrested in connection with armed robberies of jewelry stores. At the time of his arrest, law enforcement officers seized various items from the house where Wright was arrested including a watch, a cell phone, and $23,513.00 in cash. After sentencing, Wright moved for return of the seized property. Magistrate Judge Ferenbach held an evidentiary hearing (ECF No. 375) and recommended that the Government must return the watch and jewelry, but not the cash. ECF No. 321. Wright did not object, so I adopted Judge Ferenbach's recommendation. ECF No. 339.

       The Ninth Circuit vacated part of that decision because Judge Ferenbach and my "conclusion that 'Wright has not shown he is the rightful owner of the money and is not entitled to' its return improperly relieved the Government of its threshold burden of establishing that the cash was 'contraband or subject to forfeiture.'" ECF No. 406 at 6 (citations omitted). The issue was remanded for further proceedings. The parties filed supplemental briefs and agreed that I should rely on the evidence presented at the February 7, 2019 evidentiary hearing rather than conducting another evidentiary hearing.

       "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "[W]hen the property

in question is no longer needed for evidentiary purposes, either because trial is complete [or] the defendant has pleaded guilty, . . . the burden of proof changes. The person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). "[T]he government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture." *Id.*

Wright's position about ownership of the cash has flip-flopped during this case. When he was arrested, Wright denied living in the house where he was arrested, and denied that the seized items were his. ECF Nos. 310-3 at 13-21, and 375 at 40-43. Now that the case has concluded, Wright contends he was living in the house, the cash was his, and he wants it back. *Id.* at 11-12. The Government has contended all along that Wright was living at the house and the items were his, proving he participated in the robberies. Despite Wright's inconsistencies, the evidence demonstrates that Wright was "[t]he person from whom the property [was] seized" and thus "is presumed to have a right to its return." *Martinson*, 809 F.2d at 1369.

"The government can rebut the presumption that property ought to be returned by proving a 'legitimate reason' for retaining the property that is 'reasonable under all of the circumstances.'" *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (citations and alterations omitted). "The simplest way for the government to carry its burden is to prove 'the property . . . is contraband or subject to forfeiture.'" *Id.* (citations omitted).

The Government has proven that the cash is contraband. The timing of the seizure in relation to the robberies and subsequent fencing of some of the goods (ECF No. 375 at 22-24), and the location of the cash—hidden in the attic of the house—strongly indicate the money was proceeds of the robberies. Wright had no lawful employment at the time; he contends his co-

defendant lent him $3,000 but he can't recall when or any details (*Id.* at 16); and he claims someone gave him $600 to buy the seized watch but he can't remember who (*Id.* at 21). He claims "a large chunk" of the seized cash came from "frequent gambling" but could offer no specifics of dates or locations. *Id.* at 11. He admits that he "never won like a chunk, but a few thousand at a time [on] different occasions." *Id.* at 15. Wright's testimony was sketchy at best and his explanations are not reasonable. The Government's explanations are far more reasonable under all the circumstances. Therefore, the Government has proven a legitimate reason for retaining the cash as contraband. *Gladding*, 775 F.3d at 1152.

IT IS THEREFORE ORDERED that Wright's motion for return of property (ECF No. 309) is again DENIED.

Dated this 26th day of August, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3