UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00357-APG-NJK |
|---|---|
| Plaintiff, | **ORDER GRANTING FEDERAL INSURANCE COMPANY'S MOTION FOR RETURN OF PROPERTY** |
| v. | |
| BRIAN WRIGHT, | [ECF No. 509] |
| Defendant. | |

When Brian Wright was arrested on February 10, 2017, officers seized $40,000 in cash that had been stuffed into a mattress box spring.  Authorities believed the cash was stolen during a robbery of the Silverton Race and Sports Book, although Wright was never charged with that crime.

Wright later moved for return of the money under Federal Rule of Criminal Procedure 41(g).  The Government opposed and Magistrate Judge Ferenbach conducted an evidentiary hearing. ECF No. 473.  At the hearing, Wright was represented by counsel, testified, and challenged the Government's evidence. *Id*.  Judge Ferenbach eventually found that the Government had

> proven by a preponderance of the evidence that the $40,000 belongs to the Silverton Sportsbook (sic) and not to Wright.  The government represented at the hearing that the $40,000 would be returned to the Silverton's insurance company if the Court determines that Wright is not the owner of the property.  The government's evidence that the $40,000 is proceeds from the Silverton robbery is reasonable under all the circumstances and the government has proven a legitimate reason for retaining the $40,000 as contraband.

ECF No. 478 at 7-8.  I accepted Judge Ferenbach's findings, conclusions, and recommendations (ECF No. 485), and the Ninth Circuit affirmed (ECF No. 503).

The owner of the Silverton Race and Sports Book assigned the right to recover the robbery proceeds to its insurer, Federal Insurance Company. Federal now moves for return of the cash under Rule 41(g). ECF No. 509. The Government does not oppose Federal's motion (ECF No. 510) but Wright does (ECF No. 511).

"[D]istrict courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant. . . . These motions are treated as civil equitable proceedings and, therefore, a district court must exercise caution and restraint before assuming jurisdiction." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993) (simplified). The *Ramsden* court identified four factors district courts should consider in addressing a Rule 41(g) motion where the movant has not been indicted:

1) whether the Government displayed a callous disregard for the constitutional rights of the movant;

2) whether the movant has an individual interest in and need for the property he wants returned;

3) whether the movant would be irreparably injured by denying return of the property; and

4) whether the movant has an adequate remedy at law for the redress of his grievance.

*Id.* at 325. These factors favor assuming jurisdiction and returning the money to Federal.

As Magistrate Judge Ferenbach concluded, the $40,000 belongs to the Silverton Race and Sports Book and not to Wright. ECF No. 478 at 7. I see no reason (and Wright offers none) to disregard the results of that evidentiary hearing. Federal clearly has an interest in and need for the stolen money.

The Government has not disregarded Federal's constitutional rights, but the Government does not intend to conduct—and believes it cannot now conduct—a forfeiture proceeding to resolve who gets the money. *See* ECF No. 509-4 at 2.  Thus, Federal has no effective, efficient, or adequate remedy at law to recover the stolen funds other than to move under Rule 41(g).  And if it is not able to recover the funds in this fashion, it will be irreparably injured.  Thus, the *Ramsden* factors favor returning the funds to Federal.

I THEREFORE ORDER that Federal Insurance Company's motion for return of property **(ECF No. 509) is granted.**  I order the United States to transfer to Federal Insurance Company the $40,000 in cash that was seized in connection with the arrest of Brian Wright on February 10, 2017.  The United States will file a notice or receipt showing the funds have been transferred to Federal.

Dated this 7th day of March, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE